Sara B. Brody, SBN 130222
sbrody@sidley.com
Jaime A. Bartlett, SBN 251825
jbartlett@sidley.com
Sarah A. Hemmendinger, SBN 298659
shemmendinger@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Norman J. Blears, SBN 95600
nblears@sidley.com
SIDLEY AUSTIN LLP
1001 Page Mill Road, Building 1
Palo Alto, California 94304
Telephone: (650) 565-7000
Facsimile: (650) 565-700

Attorneys for Defendants
Brian Wuebbels, TerraForm Global, Inc., SunEdison, Inc., Carlos Domenech Zornoza, Jeremy Avenier, Ahmad Chatila, Martin Truong

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SIMON FRASER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN WUEBBELS, TERRAFORM GLOBAL, INC., SUNEDISON, INC., CARLOS DOMENECH ZORNOZA, JEREMY AVENIER, AHMAD CHATILA, MARTIN TRUONG, J. P. MORGAN SECURITIES LLC, BARCLAYS CAPITAL INC., CITIGROUP GLOBAL MARKETS INC, MORGAN STANLEY & CO. LLC, GOLDMAN, SACHS & CO., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, DEUTSCHE BANK SECURITIES INC., BTG PACTUAL US CAPITAL LLC, ITAU BBA USA SECURITIES, INC., SMBC NIKKO SECURITIES AMERICA, INC., SG AMERICAS SECURITIES, LLC, and KOTAK MAHINDRA, INC.,<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF STATE COURT ACTION**<br><br>Removed from the Superior Court of the State of California, San Mateo County<br>Case No. CIV 535963 |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Brian Wuebbels, TerraForm Global, Inc. ("TerraForm Global"), SunEdison, Inc. ("SunEdison"), Carlos Domenech Zornoza, Jeremy Avenier, Ahmad Chatila, Martin Truong (collectively, "Removing Defendants"), by and through their attorneys, hereby remove the state court action described below from the Superior Court of the State of California for the County of San Mateo to the United States District Court for the Northern District of California. In support of their removal of this action, the Removing Defendants state as follows:

1. On or about October 23, 2015, Simon Fraser commenced a civil action in the Superior Court of the State of California for the County of San Mateo, captioned *Fraser v. Wuebbels, et al.*, Case No. CIV 535963 (the "State Court Action"). The State Court Action is a putative class action brought against TerraForm Global, SunEdison, certain officers and directors of TerraForm Global, and the underwriters of TerraForm Global's August 5, 2015 initial public offering on the NASDAQ Stock Market. A true and correct copy of all process, pleadings, and orders in the State Court Action is attached as Exhibit A.

2. The Removing Defendants have not pleaded, answered, or otherwise appeared in the State Court Action.

3. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), having been filed before the expiration of 30 days after service of the Complaint in the State Court Action on SunEdison, Inc. (the first served defendant) on December 21, 2015.

**JURISDICTION**

4. This Court has original jurisdiction over the State Court Action as it asserts federal claims alleging violations of §§ 11 and 15 of the Securities Act of 1933 (the "Securities Act"). 15 U.S.C. §§ 77k and 77o. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

5. The State Court Action is thus removable under 28 U.S.C. § 1441, which states that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by

the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6. The Securities Act has its own jurisdiction provision, which originally provided for concurrent jurisdiction between federal and state courts over Securities Act Claims. 15 U.S.C. § 77v(a). This concurrent jurisdiction was modified, however, by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), which amended the jurisdiction provision to state that:

> The district courts of the United States…shall have jurisdiction of offenses and violations under this subchapter…concurrent with State and Territorial courts, ***except as provided in section 77p of this title with respect to covered class actions***, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter.

15 U.S.C. § 77v(a) (emphasis added to reflect SLUSA amendments). After the enactment of SLUSA state courts no longer have concurrent jurisdiction over Securities Act Claims that are raised in "covered class actions." *See, e.g.*, *Lapin v. Facebook*, No. 12-cv-3195-MMC, 2012 WL 3647409, at *2 (N.D. Cal. Aug. 23, 2012); *Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 425 (S.D.N.Y. 2009).[1]

7. "Covered class actions" are defined as "any single lawsuit in which…one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members…" 15 U.S.C. § 77p(f)(2)(A)(i)(II). Plaintiff in the State Court Action seeks to recover damages on a representative basis on behalf of himself and a class of unnamed TerraForm Global shareholders, and asserts that common questions of law or fact predominate over individual questions. *See* Complaint ¶¶ 40-45. Consequently, the State Court Action is a "covered class action" brought under the Securities Act that lies exclusively within the jurisdiction of the federal courts. *Lapin*, 2012 WL 3647409, at *2 ("federal courts alone have jurisdiction to hear covered

---

[1] *But see, e.g.*, *Plymouth Cnty. Retirement Sys. v. Model N., Inc.*, Case No. 14-cv-4516-WHO, 2015 WL 65110, at *2-4 (N.D. Cal. Jan. 5, 2015) (granting motion to remand in matter where no parallel federal cases had been filed).

class actions raising 1933 Act claims") (quotation and citation omitted). Thus, the jurisdiction provisions of the Securities Act confirm the propriety of removal under 28 U.S.C. § 1441.

8. The State Court Action is the exact type of action that Congress contemplated in enacting SLUSA. *See Knox*, 613 F. Supp. 2d at 421 (quoting H.R. Rep. No. 105-803, at 13 (1998)) (In enacting the SLUSA, Congress intended to make "Federal court the exclusive venue for most securities class actions lawsuits[] [and] . . . to prevent plaintiffs from seeking to evade the protections that Federal law provides against abusive litigation by filing suit in State, rather than Federal, court."). Here, two related actions also alleging violations of the Securities Act of 1933 in connection with the TerraForm Global IPO have been filed in this Court. *See Beltran v. TerraForm Global, Inc. et al.*, Case No. 3:15-cv-04981-WHO (N.D. Cal.) (filed October 29, 2015); *Pyramid Holdings, Inc. v. TerraForm Global, Inc. et al.*, Case No. 3:15-cv-5068-RS (N.D. Cal.) (filed November 5, 2015).[2] Removal allows these companion actions to proceed in a single federal forum, rather than forcing defendants to defend in multiple courts virtually identical putative class actions purporting to assert the same federal securities law claims.

9. By filing this Notice of Removal, the Removing Defendants do not intend to waive, and hereby reserve, any objection as to the legal sufficiency of the claims alleged in the State Court Action and all other defenses. The Removing Defendants intend no admission of fact, law, or liability by this Notice, and reserve all defenses, motions, and arguments. By way of setting forth the bases for removal in this Notice, the Removing Defendants in no way concede the truth of Plaintiff's allegations. The Removing Defendants further reserve the right to supplement and amend this Notice of Removal, and to make such further argument in favor of removal as may be appropriate or necessary to respond to any motion to remand this action.

[2] There are three additional and substantially identical actions filed in San Mateo Superior Court which also allege violations of the Securities Act of 1933 in connection with the TerraForm Global IPO. *Agrawal v. TerraForm Global, Inc. et al.*, Case No. CIV 536045 (filed October 30, 2015); *Iron Workers Mid-South Pension Fund v. TerraForm Global, Inc. et al.*, Case No. CIV 536468 (filed December 3, 2015); *Badri v. TerraForm Global, Inc. et al.*, Case No. CIV 536536 (filed December 9, 2015). These actions are also being removed to federal court today. The appropriate Administrative Motion to Consider Whether Cases Should be Related pursuant to Civil Local Rule 3-12 will be filed in *Beltran v. TerraForm Global, Inc. et al.*, Case No. 3:15-cv-04981-WHO to relate the four removed actions, including the instant case, and *Pyramid Holdings v. TerraForm Global, Inc. et al.*, Case No. 3:15-cv-5068-RS to *Beltran*.

10. Counsel for the Removing Defendants are authorized to state that all named defendants in the State Court Action consent to removal, subject to and without waiving any defenses and rights available to them.

11. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being promptly served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court of the State of California for the County of San Mateo.

12. The San Mateo County Superior Court is located within the Northern District of California. Venue is therefore proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

**INTRADISTRICT ASSIGNMENT**

13. As a putative securities class action, pursuant to Civil Local Rule 3-2(c), this case should be assigned on a district-wide basis.

Dated: December 30, 2015

SIDLEY AUSTIN LLP

By: */s/ Sara B. Brody*

Sara B. Brody
Attorneys for Defendants
Brian Wuebbels, TerraForm Global, Inc., SunEdison, Inc., Carlos Domenech Zornoza, Jeremy Avenier, Ahmad Chatila, Martin Truong