UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SIMON FRASER,<br><br>   Plaintiff,<br><br> v.<br><br>BRIAN WUEBBELS, et al.,<br><br>   Defendants. | Case No. 15-cv-06326-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>[Re: ECF No. 11] |

In this putative securities fraud class action, Plaintiff Simon Fraser files suit pursuant to §§ 11 and 15 of the Securities Act of 1933 ("Securities Act"). Before the Court is Fraser's motion to remand. Finding the matter suitable for submission without oral argument, and having considered the submissions of the parties and relevant law, the Court hereby GRANTS the motion.

## I. BACKGROUND

Fraser filed a securities fraud class action complaint on October 23, 2015 in California Superior Court, County of San Mateo, against Defendants, TerraForm Global, Inc. ("TerraForm"), SunEdison,[1] TerraForm officers and directors, and underwriters of TerraForm's initial public offering ("IPO"). *See* Complaint ("Compl.," ECF No. 1, Exh. 1). The complaint alleges violations of §§ 11 and 15 of the Securities Act, 15 U.S.C. §§ 77k and 77o, and asserts claims on behalf of Fraser both individually and as a representative of a class of persons who purchased or otherwise acquired TerraForm Class A common stock pursuant or traceable to the company's Registration Statement and Prospectus issued in connection with TerraForm's IPO. *Id.* ¶ 1. Fraser does not allege any state law causes of action. *Id.* ¶ 13.

---

[1] SunEdison is the parent company of TerraForm. Certificate of Interested Entities by SunEdison, Inc., Terraform Global, Inc. Identifying Corporate Parent SunEdison, Inc. for Terraform Global, Inc. (ECF No. 2).

1    On December 30, 2015, Defendants removed the action to this Court pursuant to 28 U.S.C.
2    § 1441(a). Notice of Removal from San Mateo Superior Court (ECF No. 1). On January 14,
3    2016, Fraser filed a motion to remand the matter back to state court. Motion to Remand ("Mot.,"
4    ECF No. 11). Defendants filed papers in opposition on February 3, 2016, and Fraser filed a reply
5    on February 10, 2016. Response filed by Jeremy Avenier ("Opp.," ECF No. 27); Reply filed by
6    Simon Fraser (ECF No. 30).

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil suit from state court to federal court if the action could initially have been filed in federal court unless Congress expressly provides otherwise. *See, e.g.*, *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). However, all such "removal statutes are strictly construed against removal," *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008), and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Because of this "strong presumption against removal jurisdiction," the party seeking removal "always has the burden of establishing that removal is proper." *Id*. (internal quotation marks omitted). But, "a plaintiff seeking remand has the burden to prove that an express exception to removal exists." *Luther*, 533 F.3d at 1034.

## III.  DISCUSSION

The question before the Court is whether the Securities Act, as amended by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), explicitly bars removal of this action. Fraser argues that it does, thereby denying the Court of jurisdiction and requiring remand. Mot. at 3–8, 13–14. Defendants counter that the SLUSA amendments granted federal courts exclusive jurisdiction over covered class actions brought under the Securities Act, thereby making this Court the correct forum for this case. Opp. at 5–8.

"As with any question of statutory interpretation," the Court "begins with the plain language of the statute." *Jiminez v. Quarterman*, 555 U.S. 113, 118 (2009). "In ascertaining the plain meaning of the statute, [a] court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole." *K Mart Corp. v. Cartier,* 486 U.S. 281,

291 (1988).  To determine this motion, the Court turns to 15 U.S.C. §§ 77v(a), 77p(b), and 77p(c), the Securities Act's jurisdiction and anti-removal provisions.

Prior to the SLUSA amendments, § 77v(a) granted state and federal courts concurrent jurisdiction over Securities Act claims and barred removal of any case arising under the Securities Act. With the passage of SLUSA, the jurisdictional provision was amended to read:

> *The district courts of the United States and the United States courts of any Territory shall have jurisdiction* of offenses and violations under this subchapter and under rules and regulations promulgated by the Commission in respect thereto, and, *concurrent with State and Territorial courts*, *except as provided in section 77p of this title with respect to covered class actions,* of all suits . . . brought to enforce any liability or duty created by this subchapter. . . . *Except as provided in section 77p(c) of this title*, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

15 U.S.C. § 77v(a) (emphasis added).  SLUSA amended § 77v(a) by adding the language, "[e]xcept as provided in section 77p of this title with respect to covered class actions," in the foregoing subsection.

§ 77p(c), also added by SLUSA and entitled "Removal of covered class actions," provides as follows:

> Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

*Id.* § 77p(c).

§ 77p(c) references subsection (b), which is entitled "Class action limitations" and precludes certain covered class actions:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging—
>
> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
>
> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

*Id.* § 77(b).

3

1   Lastly, SLUSA added a definitions section, which defines "covered class action" to
2   include:
>    (i) any single lawsuit in which—
>
>    (I) damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or members; or
>
>    (II) one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members; or

*Id.* § 77p(f)(2)(A).

Fraser argues that, taking these amendments as a whole, the anti-removal provision amounts to the following interpretation: "'no case arising under [the Securities Act] . . . shall be removed' unless 'based upon the statutory or common law of any State.'" Mot. at 5. Because this case concerns only Securities Act claims, he concludes, Defendants are barred from removing it to federal court. *Id.*

Defendants instead focus on § 77v(a)'s jurisdictional provision and argue that the SLUSA amendments deprived state courts of jurisdiction over Securities Act claims in covered class actions. Opp. at 5–8. As noted above, the amended language in § 77v(a) exempts covered class actions "as provided in section 77p." § 77p in turn contains four subsections that refer to covered class actions—(b), (c), and (f), all quoted above, as well as (d). Defendants' argument relies on the definitions section contained within subsection (f) as the relevant section for jurisdiction, rather than the more limited subset of covered class actions in §§ 77p(b) and (c). Thus, Defendants argue, the state court where this case was initially filed is not a "court[] of competent jurisdiction" for this case, and § 77v(a)'s anti-removal language is therefore inapplicable here. Opp. at 6.

Considering the statute as a whole, the Court finds Fraser's reading of the statutory language correct. The most straightforward reading of the provisions is that only covered class

4

actions with state law claims can be removed to federal court, as provided in § 77p(c), and only for the purpose of dismissing the state law claims, as required by § 77p(b). *See Cervantes v. Dickerson,* No. 15-cv-3825-PJH, 2015 WL 6163573, at *4 (N.D. Cal. Oct. 21, 2015).

This position is consistent with dicta from the Supreme Court and the Ninth Circuit. In *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 636 (2006), the Court considered the question "whether an order remanding a case removed under the Securities Litigation Uniform Standards Act of 1998 [was] appealable, notwithstanding § 1447(d)." Holding that such orders were not appealable, the Court expressly endorsed Fraser's reading of the statutes stating that "we read authorization for the removal in subsection (c), on which the District Court's jurisdiction depends, as confined to cases 'set forth in subsection (b),' § 77p(c), namely, those with claims of untruth, manipulation, and so on." *Id.* at 642. In other words, "removal and jurisdiction to deal with removed cases is limited to those precluded by the terms of subsection (b)." *Id.* at 643. Thus, if a Securities Act case is filed in state court and "the action is not precluded, [then] the federal court likewise has no jurisdiction to touch the case on the merits, and the proper course is to remand to the state court that can deal with it." *Id.* at 644. The Court explicitly rejected a broad interpretation of SLUSA's removal provision, which Defendants impliedly advance here. The *Kircher* Court explained that "if [it] read the removal power that broadly [to include any covered class actions] there would be no point to the phrase 'as set forth in subsection (b),' for subsection (b) cases would be removable anyway as a subset of covered class actions." *Id.* at 643.

As other courts have found, "while the analysis in *Kircher* may be dicta, it is nevertheless highly persuasive." *Rajasekaran v. CytRx Corp.*, No. CV 14-3406-GHK (PJWx), 2014 WL 4330787, at *4 (C.D. Cal. Aug. 21, 2014); *see also Cervantes*, 2015 WL 6163573, at *5; *Liu v. Xoom Corp.*, No. 15-CV-00602-LHK, 2015 WL 3920074, at *4 (N.D. Cal. June 25, 2015); *Plymouth Cty. Ret. Sys. v. Model N, Inc.,* No. 14-CV-04516-WHO, 2015 WL 65110, at *3 (N.D. Cal. Jan. 5, 2015); *Desmarais v. Johnson*, No. C 13-03666 WHA, 2013 WL 5735154, at *3–5 (N.D. Cal. Oct. 22, 2013). The Ninth Circuit has adopted *Kircher's* interpretation in *Madden v. Cowen & Co.*, 576 F.3d 957, 964–65 (9th Cir. 2009), which stated:

> To prevent actions precluded by SLUSA from being litigated in

> state court, SLUSA authorizes defendants to remove such actions to federal court, effectively ensuring that federal courts will have the opportunity to determine whether a state action is precluded. As the Supreme Court has explained, any suit removable under SLUSA's removal provision, § 77p(c), is precluded under SLUSA's preclusion provision, § 77p(b), and any suit not precluded is not removable.

(citing *Kircher*, 547 U.S. at 644) (footnotes omitted). Similarly in *Luther*, the Ninth Circuit addressed the anti-removal provision in § 77v(a), stating that it "strictly forbids the removal of cases brought in state court and asserting claims under the [Securities Act]." 533 F.3d at 1033. Therefore, "by virtue of § 22(a) of the Securities Act of 1933 [codified at 15 U.S.C. § 77v(a)]," the plaintiff's "state court class action alleging only violations of the Securities Act of 1933 was not removable," and the case was subsequently remanded to state court. *Id.* at 1034.

In reaching this holding, the Court joins what "appears to be emerging as the dominant view around the country." *Plymouth Cty.*, 2015 WL 65110, at *3. Earlier courts considered orders that had "not harmonized the jurisdictional and removal provisions of §§ 77v and 77p with the same effect." *Young v. Pac. Biosciences of Cal., Inc.*, 5:11-cv-05668 EJD, 2012 WL 851509, at *2 (N.D. Cal. Mar. 13, 2012). The few cases Defendants cite in support of their position fall into this category of earlier cases, and the majority come from outside this district. *See, e.g.*, *Lapin v. Facebook, Inc.,* No. C-12-3195 MMC, 2012 WL 3647409, at *2 (N.D. Cal. Aug. 23, 2012); *Hung v. iDreamSky Tech. Ltd.*, No. 15-CV-2514 (JPO), 2016 WL 29903, at **3–4 (S.D.N.Y. Jan. 25, 2016); *Wunsch v. Am. Realty Capital Props.*, No. Civ. JFM-14-4007, 2015 WL 2183035 (D. Md Apr. 14, 2015); *In re Fannie Mae 2008 Sec. Litig.*, No. 08 Civ. 7831(PAC), 2009 WL 4067266, at *2 (S.D.N.Y. Nov. 24, 2009); *Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 425 (S.D.N.Y. 2009); *Rovner v. Vonage Holdings Corp.*, No. Civ. A 07-178 (FLW), 2007 WL 446658, at *3 (D.N.J. Feb. 7, 2007); *Brody v. Homestore, Inc.*, 240 F. Supp. 2d 1122, 1123 (C.D. Cal. 2003).

"Since 2013, however, every court in this district to address the issue has granted remand." *Plymouth Cty.*, 2015 WL 65110, at *3; *see also Cervantes*, 2015 WL 6163573, at *7; *City of Warren Police & Fire Ret. Sys. v. Revance Therapeutics, Inc.*, No. 15-CV-02512-HSG, 2015 WL 5117631, at *3 (N.D. Cal. Aug. 31, 2015); *Liu*, 2015 WL 3920074, at *5; *Desmarais*, 2013 WL

5735154, at *5; *Toth v. Envivo, Inc.*, No. C 12-5636 CW, 2013 WL 5596965, at *2 (N.D. Cal. Oct. 11, 2013); *Reyes v. Zynga Inc*, No. C 12-05065 JSW, 2013 WL 5529754, at *4 (N.D. Cal. Jan. 23, 2013); *Harper v. Smart Techs., Inc.*, No. C 11-5232 SBA, 2012 WL 12505217, at *6 (N.D. Cal. Sept. 28, 2012). In other words, in this district, "Defendants' position has been soundly rejected in recent years." *Liu*, 2015 WL 3920074, at *3.

Defendants argue that Fraser's motion relies on a misapplication of the burdens of proof under 28 U.S.C. § 1441(a), and contend that Fraser fails to meet his burden to show that an exception to removal exists such that remand would be proper. Opp. at 3–5. This argument, however, overlooks the fact that it is Defendants who bear the burden in the first instance to show that removal was proper. *Gaus*, 980 F.2d at 566 (because of the "strong presumption against removal jurisdiction," the party seeking removal "always has the burden of establishing that removal is proper") (internal quotation marks omitted)). But as discussed above, Defendants' removal was improper because Fraser's complaint asserted purely Securities Act claims, which could not be removed from state court under the Securities Act's jurisdictional and anti-removal provisions.

For the same reasons, the Court rejects Defendants' arguments that remand should be denied on the basis that two similar lawsuits had concurrently been filed in the Northern District of California, and that remanding Fraser's lawsuit would bifurcate the litigation. Opp. at 8–11; *see also Beltran v. TerraForm Global, Inc. et al.*, No. 5:15-cv-04981-BLF (filed in the Northern District on October 29, 2015); *Pyramid Holdings v. TerraForm Global, Inc. et al.*, No. 5:15-cv-04068-BLF (filed in the Northern District on September 9, 2015). Under the Securities Act's statutory framework, as set forth in § 77v(a) and modified by §§ 77p(b) and (c), state and federal courts exercise concurrent jurisdiction over Securities Act claims. For purely Securities Act claims filed in state court, such as Fraser's here, the § 77v(a) anti-removal provision bars removal to federal courts. The Court therefore finds Defendants' argument here unavailing: § 77v(a) preserves a plaintiff's choice of forum, and Defendants could not properly remove the matter in the first place.

The legislative history cited by Defendants is also insufficient. While a court may consider

7

the legislative history of a statute where its plain language is ambiguous, *see, e.g.*, *Funbus Systems Inc. v. Cal. Pub. Utils. Comm'n*, 801 F.2d 1120, 1126 (9th Cir. 1986), the legislative history cited by the parties fails to provide additional clarity.  For example, Defendants cite to House of Representatives Committee Report, which explained that "since passage of the [Private Securities Litigation Reform Act of 1995], plaintiffs' lawyers have sought to circumvent the Act's provisions by exploiting differences between Federal and State laws by filing frivolous and speculative lawsuits in State Court."  Opp. at 12 (citing H.R. Conf. Rep. No. 105-803, at 14–15 (1998)).  However, the Court notes that other statements in relevant Senate Committee Reports define SLUSA's purpose as "limit[ing] the conduct of securities class actions under State law," and does not reference eliminating concurrent jurisdiction.  *See* S. Rep. No. 105-182, at 1 (1998).  As numerous courts in this district have noted, this legislative history is too "murky" to aid in interpreting the statute.  *See, e.g.*, *Desmarais*, 2013 WL 5735154, at *5; *City of Warren Police,* 2015 WL 5117631, at *4; *Liu*, 2015 WL 3920074, at *5.  Because "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal," *Gaus*, 980 F.2d at 566, the Court concludes that this action is not removable to federal court under 15 U.S.C. §§ 77v(a), 77p(c), and 77p(b).

## IV. CONCLUSION

For the reasons discussed above, the Court GRANTS Fraser's motion to remand.  This action is hereby remanded to San Mateo County Superior Court.

**IT IS SO ORDERED.**

Dated: March 3, 2016

_____
BETH LABSON FREEMAN
United States District Judge